NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DOMINIQUE M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.K., S.K., *Appellees*.

No. 1 CA-JV 18-0145
FILED 8-30-2018

Appeal from the Superior Court in Maricopa County
No. JD18130
The Honorable Jo Lynn Gentry, Judge

**VACATED AND REMANDED**

COUNSEL

Czop Law Firm, Higley
By Steven Czop
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jon W. Thompson and Judge David D. Weinzweig joined.

---

**T H U M M A**, Chief Judge:

**¶1** Dominique M. (Mother) appeals from an order terminating her parental rights to her daughters, A.K. and S.K. Mother argues she was denied her due process rights when the superior court found that she failed to appear, waived her legal rights and proceeded in her absence, when she had just been appointed a new attorney who "could not fully represent her at a default hearing." The Department of Child Safety (DCS) concedes error and asks that this court vacate the termination order and remand for further proceedings. For the reasons set forth below, the court accepts the confession of error. Accordingly, this court vacates the order terminating Mother's parental rights to A.K. and S.K. and remands for further proceedings consistent with this decision.

**¶2** After DCS filed dependency petitions in May 2017 (for A.K.) and June 2017 (for S.K.), the children were found dependent as to Mother in September 2017. The case plan was changed to severance and adoption and, in January 2018, DCS filed a motion to terminate Mother's parental rights. Mother denied the allegations at an initial termination hearing, where the court set a March 20, 2018 pretrial conference.

**¶3** On March 1, 2018, Mother's attorney moved to withdraw; the court granted that motion on March 2, 2018 and ordered that a new attorney be appointed to represent Mother. At the March 20, 2018 pretrial conference, the court appointed a new attorney to represent Mother. Although Mother was not present at that hearing, the minute entry from that hearing states "[i]t is believed the [M]other is currently at a visitation with the children." Mother's new attorney called the parent aide supervising the visit and Mother then appeared by telephone at the hearing.

¶4 Among other things, the minute entry from that hearing states "[t]he parent aide reports the visit today is a standing appointment and was not set by the case manager;" Mother continued to deny the allegations in the motion to terminate; Mother was not present because the visit conflicted with the pretrial conference; and "Mother acknowledges that her failure to appear for the Pretrial Conference is because it slipped her mind that she had Court. This is not good cause to fail to appear. Nonetheless, [M]other is present telephonically so the Court proceeds."

¶5 Mother's telephonic presence was intermittent. The minute entry shows Mother was present from 11:45 to 11:47 a.m.; then "no longer present" until 11:48 a.m.; then present until 11:52; then "no longer present." The minute entry also states that while "trial date and time are discussed, [M]other disconnects from the call" and continues:

> THE COURT FINDS the [M]other voluntarily chose to disconnect the telephone call after expressing displeasure with the date for the Contested Severance Trial and therefore the Court will proceed by default as to the [M]other given her failure to appear or remain on the phone until the setting of a trial date and time.
>
> LET THE RECORD REFLECT that counsel for the [M]other objects to the Court proceeding by default as to the [M]other.

¶6 Although confirming the substance of this minute entry, the transcript from the hearing reflects frustration by Mother that the possible trial setting would conflict with her work schedule, that her newly-appointed attorney was attempting to explain to Mother what the court was doing when she disconnected the call and that Mother's newly-appointed attorney was concerned because he knew "very little about the case other than the petition." Mother's attorney added, "[s]o I need to object on the record. I think that she should not have been defaulted at this time, and she should have had her due process rights protected with a trial."

**¶7**        The court overruled these objections, received evidence, granted the motion to terminate Mother's parental rights and relieved Mother's newly-appointed attorney "of further responsibility as counsel for the [M]other in this matter, after the running of appellate time." This timely appeal by Mother followed.

**¶8**        In a termination proceeding, indigent parents have a right to appointed counsel. *See* Ariz. Rev. Stat. § 8-221(B) (2018); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 307 ¶ 28 (App. 2007). This right applies even when a parent fails to appear and the court proceeds in the parent's absence. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 446 ¶ 30 (2018). An absent parent's counsel has the right to "fully participate in the hearing on the parent's behalf, including a right to cross-examine the state's witnesses, object to proffered evidence, and present witnesses or other evidence." *Id.* A court's failure to allow a parent's counsel to "effectively participate" in a severance proceeding is reversible error. *Daniel Y. v. Ariz. Dep't of Econ. Sec.*, 206 Ariz. 257, 260 ¶ 12 (App. 2003).

**¶9**        DCS concedes that Mother did not receive the benefit of her right to counsel in this case.

> Her counsel had just been appointed, had not yet familiarized himself with the case, and other than a telephone conversation with her that morning, had not yet discussed the case with her or even met her. Although he was present throughout the proceeding, his lack of familiarity with the case rendered him unable to effectively participate and represent Mother's interests at trial. She was, in essence, unrepresented. Because DCS concedes that Mother was denied her due process and statutory rights to effective representation, this Court need not consider Mother's other arguments on appeal.

> In light of this concession of error, DCS requests that the Court vacate the juvenile court's order terminating Mother's parental rights to [the children] and remand this matter for further proceedings.

**¶10**        The court accepts this confession of error for these reasons. Accordingly, the order terminating Mother's parental rights is vacated and this matter is remanded for further proceedings. Given this ruling, this court need not, and expressly does not, address Mother's argument that DCS did not meet its burden of proof at the March 20, 2018 pretrial conference regarding best interests.



AMY M. WOOD • Clerk of the Court
FILED:   AA

5